NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1559
_____

UNITED STATES OF AMERICA

v.

DAGOBERTO ENRIQUE ESTRELLA
a/k/a EL TIO
a/k/a TONY

DAGOBERTO ESTRELLA, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-08-cr-00656-001 )
District Judge:  The Honorable Susan D. Wigenton

Submitted Under Third Circuit L.A.R. 34.1(a)
January 10, 2012

BEFORE:  FUENTES, JORDAN, and NYGAARD, *Circuit Judges*


(Filed: February 28, 2012 )


_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Dagoberto Enrique Estrella appeals the judgment of sentence imposed by the District Court following his plea of guilty pursuant to a plea agreement. His counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Estrella declined to submit a pro se brief. We will grant counsel's motion and affirm the judgment of the District Court.

## I.

Inasmuch as we write for the parties, we provide only a brief recitation of the facts of this case and its procedural history. Estrella pleaded guilty to one count of conspiracy to distribute, and possession with intent to distribute one kilogram or more, of a mixture or substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). The District Court found Estrella's total offense level to be 29. This gave him an advisory Guidelines range of between 87 and 108 months. His offense, however, carried a mandatory minimum sentence of ten years, thereby locking his Guidelines range in at 120-months.

The District Court determined that the "safety valve" provision, 18 U.S.C. § 3553(f)(1)–(5), applied. Estrella was sentenced to 108-months imprisonment, 12-months below the mandatory minimum sentence he would have otherwise received. Estrella filed a timely notice of appeal.

## II.

We exercise plenary review over an *Anders* motion. *See Penson v. Ohio*, 488 U.S. 75, 82–83 & n.6 (1988). Under *Anders*, when counsel files a motion to withdraw, we must determine first, "whether counsel adequately fulfilled [Third Circuit Local

2

Appellate Rule 109.2(a) ]'s requirements," and second, "whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2011).

To satisfy the first requirement, appointed counsel must file a motion to withdraw and support it with a brief that "satisfies the court that counsel has thoroughly examined the record in search of appealable issues, and ... explain[s] why the issues are frivolous." *Id*. at 300. Counsel must "refer [ ] to anything in the record that might arguably support the appeal," *Anders,* 386 U.S. at 744, but "need not raise and reject every possible claim." *Youla*, 241 F.3d at 300. "[A]t a minimum, he or she must meet the "conscientious examination" standard set forth in *Anders*." *Id*.

Here, we are satisfied that Estrella's counsel, William J. Hunt, Esquire, has examined the record for appealable issues and has explained why none have merit. The District Court conducted a thorough and extensive colloquy with Estrella. The record reveals Estrella's acknowledgement that he was not under the influence of drugs or alcohol, that he was satisfied with his attorney, and that he had discussed his case with counsel. Estrella further indicated that he understood the charges against him and what rights he was waiving by pleading guilty.

Moreover, Estrella's sentence was procedurally and substantively reasonable. The District Court followed the three-step process we endorsed in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), and gave "rational and meaningful consideration [to] the factors enumerated in 18 U.S.C. § 3553(a)" as we required in *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

3

### III.

We conclude that counsel has met the requirements of *Anders*, and our own independent review of the record reveals no nonfrivolous grounds for appeal. Therefore, we will affirm the District Court's judgment of sentence and grant counsel's motion to withdraw. Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the United States Supreme Court. *See* THIRD CIRCUIT L.A.R. 109(2)(b).